UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 16-24701-CIV-GRAHAM

LOUIS MONTELLO,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY FINAL JUDGMENT

**THIS CAUSE** comes before the Court on Plaintiff Louis Montello's Motion for Partial Summary Final Judgment [D.E. 48], Defendant United States of America's Opposition to Plaintiff's Motion [D.E. 49], and Plaintiff's Reply in Support of his Motion [D.E. 50].

**THE COURT** has considered the motion, the relevant portions of the record, and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiff's Motion for Partial Summary Final Judgment [D.E. 48] is denied.

**I.  BACKGROUND**

This is a federal income tax overpayment case brought by Plaintiff, Louis Montello, against the Defendant, the United States of America, in which Plaintiff seeks the return of significant amounts that he overpaid the Internal Revenue Service

("IRS") in the form of penalties and interest on those penalties, with respect to his tax year 1999, 2000, and 2001 returns. [D.E. 1].

In 2007, Plaintiff was convicted of willfully failing to file those returns in violation of 26 U.S.C. § 7203. He was also assessed with fraudulent failure to file penalties for each of those years under Section 6651(f) of the Internal Revenue Code (26 U.S.C., referred to herein as "I.R.C.").

In 2009, Plaintiff challenged the imposition of fraud penalties assessed for tax years 1998, 2000 and 2001 in United States Tax Court in Montello v. Comm'r of IRS, Case no. 15295-09 (T.C. 2009) (the "Tax Court Case"). See D.E. 48-1, Tax Court Petition. The Decision in the Tax Court Case, which resulted from a stipulation by the parties, provided that: (1) there are deficiencies in income tax due from Plaintiff for the taxable years 1998, 2000 and 2001; (2) there are additions to tax due from Plaintiff for the taxable years 1998, 2000 and 2001, under the provisions of I.R.C. §6651(a)(1); (3) there are penalties due from Plaintiff for the taxable years 1998, 2000 and 2001 under the provisions of I.R.C. §6662(a); and (4) there is no penalty due from Plaintiff for the taxable years 1998, 2000 and 2001 under the provisions of I.R.C. §6663. D.E. 48-2, Tax Court Decision.

Plaintiff's Motion seeks to bar the Defendant, under the doctrine of res judicata, from defending fraudulent failure to

file penalties under I.R.C. §6651(f) for tax years 2000 and 2001. [D.E. 48]. Specifically, Plaintiff argues that the Tax Court decision that Plaintiff was not subject to the fraud penalties under I.R.C. §6663 precludes Defendant from asserting that he is subject to the fraudulent failure to file penalty under I.R.C. §6651(f). Id.

The Defendant responds that the failure to file penalties under I.R.C. §6651(f) were not part of Plaintiff's petition to re-determine the proposed deficiency and therefore were not part of the Tax Court decision that concluded the case. Moreover, because the fraudulent failure to file penalties that Plaintiff challenges in this case were never part of his Tax Court petition, the Tax Court had no jurisdiction to entertain a challenge to those penalties. Id.

## II. FINDINGS OF FACT

Plaintiff's Motion does not contain a statement of material facts in the form required by Local Rule 56.1(a) and the facts recited in the "Background" of his Motion are not supported by specific reference to any evidence. [D.E. 48]. After review of the record, which includes the Plaintiff's Tax Court Petition, the Tax Court decision, and the sworn Declaration of Joanna L. Barry, lead counsel for Defendant in this matter, [D.E. 49-1], the Court finds the following undisputed facts underlying Plaintiff's motion.

Plaintiff is an attorney who failed to file his individual income tax returns from 1997 to 2001. See D.E. 1-2, Compl. Exh. B at 3. Plaintiff finally filed his tax returns in December 2005, only after the IRS commenced a criminal investigation against him. See id. In March 2007, Plaintiff pled guilty to willfully failing to file his income tax returns for tax years 1999 to 2001 pursuant to I.R.C. § 7203. See id.

On November 17, 2008, based upon the tax reported in the returns Plaintiff filed in 2005, the IRS computed and assessed against Plaintiff fraudulent failure to file penalties under I.R.C. § 6651(f) for tax years 1999 to 2001. See D.E. 1, Compl. ¶¶ 17, 26; D.E. 49-1, Barry Decl., Exhs. A & B, 2000-2001 Certificates of Assessments, Payments, and Other Specified Matters (November 17, 2008 entry for "Miscellaneous Penalty").

The IRS audited Plaintiff's returns and determined that Plaintiff failed to report all of his income for tax years 1998, 2000, and 2001. See D.E. 49-1, Barry Decl., D.E. 48-3, Notice of Deficiency. The IRS issued a Notice of Deficiency proposing additional taxes owed for those years. See id. The IRS also proposed penalties on those additions to tax under the following provisions: (1) I.R.C. § 6651(a)(1) - for failure to file; (2) I.R.C. § 6662(a) - for negligent underpayment; and (3) I.R.C. § 6663(a) - for fraudulent underpayment. See id. The Notice of Deficiency does not include the previously assessed November 2008

4

fraudulent failure to file penalties under I.R.C. § 6651(f). See id.

In a 2009 petition filed with the Tax Court (the "Tax Court Petition") Plaintiff challenged the proposed additions to tax and I.R.C. § 6651(a), § 6662(a), and § 6663(a) penalties. See D.E. 49-1, Barry Decl., D.E. 48-1, Tax Court Petition ¶ 4. The Tax Court Petition only sought determination of the additions to tax the IRS proposed to assess for the years 1998, 2000, and 2001 and the penalties computed on those additions. See D.E. 48-1, Tax Court Petition ¶ 4; D.E. 48-3, Notice of Deficiency at 1. The Tax Court Petition does not contest, or even refer to, the I.R.C. § 6651(f) penalties. See id. On August 17, 2009, the IRS filed an Amended Answer to the Petition admitting that the I.R.C. § 6663(a) penalties did not apply and denying all other errors alleged by Plaintiff. See D.E. 49-1, Barry Decl., D.E 48-4, Amended Answer ¶ 4.

In a stipulated Decision, entered on May 21, 2010, the Tax Court determined that Plaintiff underreported his taxable income for the years at issue and that those deficiencies were subject to penalties under I.R.C. § 6651(a) and § 6662(a). See D.E.49-1, Barry Decl., D.E. 48-2, Tax Court Decision at 1. The Tax Court Decision also held that Plaintiff was not subject to penalties under I.R.C. § 6663(a) for fraudulent underpayment of tax. See id. The Tax Court Decision does not make any findings with respect to,

or refer to, I.R.C. § 6651(f). See id.

Following the Tax Court case, Plaintiff paid the fraudulent failure to file penalties now at issue and filed a claim for refund. See D.E. 1-2, Exh. B. In his claim for refund, Plaintiff explained why those penalties were not addressed in his Tax Court case: "[T]he Tax Court had no jurisdiction to abate the previously assessed fraudulent failure to file penalty."[1] See D.E. 1-2, Exh. B. at 4. After six months without action from the IRS on his claim for refund, Plaintiff filed this suit. See D.E. 1 ¶¶ 21, 31.

### III. LAW & DISCUSSION

#### A. Legal Standard

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Fed R. Civ. P. 56 (c). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The movant meets this burden by showing that there is an "absence of evidence to support the non-moving party's case." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593 (11th Cir. 1995). When the moving party has met this burden by offering sufficient evidence to support the motion, the party opposing must then respond by attempting to establish the existence of a genuine

---

[1] As noted, the Section 6651(f) penalties were assessed on November 18, 2008, before the audit that led to the Notice of Deficiency in 2009. Compare Notice of Deficiency with D.E.1, ¶¶ 17, 26.

issue of material fact. Adickes, 398 U.S. at 160.

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In making this determination, the Court must decide which issues are material. A material fact is one that might affect the outcome of the case. See Anderson 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id.

The Court must also determine whether the dispute about a material fact is indeed genuine. "Where the record taken as a whole would not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'" and the court may grant the motion for summary judgment. Scott v. Harris, 550 U.S. 372, 380, 127 D. Ct. 1769, 167 L.Ed.2d 686 (2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed. 2d 538 (1986)). If however, reasonable minds could disagree on the inferences arising from the material facts, then the Court must deny the motion for summary judgment. Anderson, 477 U.S. at 248, 106 S. Ct. 2505. In other words, is the "evidence ... such that a reasonable jury could

return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. See Marine Coatings of Alabama, Inc. v. United States, 932 F.2d 1370, 1375 (11th Cir. 1991) (dispute of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party). Finally, a party cannot defeat a motion for summary judgment by resting on the conclusory allegations in the pleadings. See Fed. R. Civ. P. 56(e); Anderson, 47 U.S. at 248.

B.  Legal Analysis

Plaintiff asserts that the United States is barred from its defense of the I.R.C. § 6651(f) penalties for tax years 2000 and 2001 under the doctrine of res judicata. [D.E. 48]. The Court disagrees.

The Eleventh Circuit has held: "[f]or res judicata to bar a subsequent case, four elements must be present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." United States v. Beane, 841 F.3d 1273, 1283 (11th Cir. 2016) (citing Maldonado v. U.S. Att'y Gen., 664 F.3d 1369, 1375(11th Cir. 2011)). When determining whether the same cause of action is involved in both cases, the Eleventh Circuit looks at whether a case "arises out of the same nucleus of operative fact, or is based upon the same

8

factual predicate" such that "the two cases constitute the same 'claim' or 'cause of action.'" Batchelor-Robjohns v. United States, 788 F.3d 1280, 1286 (11th Cir. 2015). "The party asserting res judicata bears the burden of showing that the later-filed suit is barred." Id. at 1285.

Plaintiff's Complaint challenges I.R.C. § 6651(f) penalties assessed against him in November 2008 for his fraudulent failure to file his taxes. See D.E. 1, ¶¶ 17, 26. Plaintiff argues that because the Tax Court ruled that he was subject to the failure to file penalty under I.R.C. § 6651(a)(1) and not the fraudulent failure to file penalty under I.R.C. § 6651(f), Plaintiff is entitled to judgment as a matter of law. [D.E. 48]. However, the I.R.C. § 6651(f) penalties at issue in this case were never before the Tax Court and, in fact, it lacked jurisdiction over such a claim.

"[T]he Tax Court is a court of strictly limited jurisdiction and powers." Beane, 841 F.3d at 1283 (citing Roberts v. Comm'r, 175 F.3d 889, 896 (11th Cir. 1999). This is true even where questions are closely related to those before the Tax Court. See id. at 1284 (citing Comm'r v. McCoy, 484 U.S. 3, 6-7, 108 S. Ct. 217, 219 (1987)). "[I]t has long been held that without a deficiency letter that court has no jurisdiction." Musso v. Comm'r, 531 F.2d 772, 774 (5th Cir. 1976)[2]. Here, the Notice of

---

[2] All decisions of the Fifth Circuit issued on or before September 31, 1981 are binding within the Eleventh Circuit.

9

Deficiency did not include the previously assessed I.R.C. § 6651(f) penalties for tax years 2000 and 2001. See D.E. 49-1, Barry Decl., Exh. C.

In this case, Plaintiff challenges the application of the I.R.C. § 6651(f) penalty to the returns as originally filed. See D.E. 1, ¶¶ 17, 26. Nowhere in the Tax Court Petition, Answer, or Decision is I.R.C. § 6651(f) mentioned. Also with respect to the I.R.C. § 6651(f) penalties, in his Claims for Refund and Request for Abatement Plaintiff stated that "the Tax Court had no jurisdiction to abate the previously assessed fraudulent failure to file penalty." D. E. 1-2, Compl. Exh. B at 4. Because "[t]he Tax Court's jurisdiction is limited to the deficiency in the notice," and the Notice of Deficiency did not include the I.R.C. § 6651(f) penalties, the Tax Court had no jurisdiction to decide any claim regarding I.R.C. § 6651(f). Beane, 841 F.3d at 1284. Consequently, res judicata does not apply because, as Plaintiff agrees, the Tax Court lacked jurisdiction over those penalties. See D.E. 1-2, Compl. Exh. B at 4.

Plaintiff's Motion also fails because the same causes of action are not involved in both cases. In the Tax Court Petition, Plaintiff asserted causes of action regarding: (1) the calculation of his income, see D.E. 48-1, Tax Court Petition ¶ 4(a)-(b); (2) the application of certain credits and deductions, id. ¶ 4(c)-(d);

---

See Bonnard v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981).

(3) the application of the I.R.C. § 6651(a) penalty to the additions to tax the IRS had proposed, id. ¶ 4(e); (4) the application of the I.R.C. § 6662(a) penalty to the additions to tax the IRS proposed, id. ¶ 4(f); and (5) the application of the I.R.C. § 6663(a) penalty to the additions to tax that the IRS had proposed, id. ¶ 4(g). In his complaint Plaintiff challenges the Defendant's assessment of penalties under I.R.C. § 6651(f). The Tax Court Petition and the Complaint in this case show that the causes of action are not the same.

Further, as the Eleventh Circuit has recognized, "res judicata does not apply to suits involving different types of tax liability, even when the suits involve the same underlying transaction, and, at least in some respects, the same tax year." Batchelor-Robjohns, 788 F.3d at 1289. As previously noted, the Tax Court Petition involved different penalties, I.R.C. § 6651(a) and § 6663(a), than the I.R.C. § 6651(f) penalties at issue in this case. Compare D.E. 48-1, Tax Court Petition ¶ 4 with D.E. 1, ¶¶ 17, 26. Where "each type of tax at issue in this case is governed by substantively distinct provisions of the Tax Code" res judicata does not apply. Batchtelor-Robjohns, 788 F.3d at 1288. Moreover, although I.R.C. § 6651(f) and § 6663(a) address similar conduct, different elements are required for each, because I.R.C. § 6651(f) addresses fraudulent filing of a return whereas I.R.C. § 6663(a) addresses fraudulent underpayment of tax. Compare 26 U.S.C. §

11

6651(f) with 26 U.S.C. § 6663(a). Likewise, penalties under I.R.C. § 6651(a) involve different elements because it does not require fraud at all. See id. § 6651(a). "Where, as here, the two suits involve different tax liabilities with a host of potential issues unique to each type of tax, the causes of action cannot be the same." Batchelor-Robjohns, 788 F.3d at 1287.8 Accordingly, Plaintiff cannot establish that the claims asserted in this action are the same as those involved in the Tax Court case.

## IV. CONCLUSION

Because Plaintiff failed to establish the second or fourth elements of the Eleventh Circuit's test for res judicata with respect to tax years 2000 and 2001, his Motion must be denied. Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary [D.E. 48] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of December, 2017.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record